CLERK'S OFFICE U.S. DIST. C...
AT ROANOKE, VA
FILED

NOV 27 2012

JULIA C. DUDLEY, CLERK
BY: /s/

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEZACHTRE RADELL GOODE,** | ) | Civil Action No. 7:12cv00532 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SGT. WHITE et al.,** | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff DeZachtre Radell Goode, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 claiming that the defendants, nurses with the Lynchburg Adult Detention Center ("LADC"), showed deliberate indifference by mistakenly giving him the wrong medication on a single occasion while he was housed at the LADC in Lynchburg, Virginia. The court finds that Goode's complaint fails to state a plausible claim for relief and dismisses it without prejudice pursuant to 28 U.S.C. § 1915A.

I.

According to Goode's complaint, on October 16, 2011, the nurse on duty gave him medication that was actually for another inmate by the name of Ronnie Goode. Goode took the pills, which he describes as muscle relaxers and "some other pill[s]," and alleges that he became very dizzy as a result. Goode states that he then remembered that he did not take medicine, except antibiotics for his knees. Goode asks for $100,000 in damages.

II.

Section 1915A requires the court to conduct an initial screening of a prisoner's complaint "which . . . seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss it if it is (1) "frivolous, malicious, or fails to state a claim upon

which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b). A prison official's deliberate indifference to the serious medical needs of a prisoner may constitute an Eighth Amendment violation. See, e.g., Estelle v. Gamble, 429 U.S. 97 (1976). The deliberate indifference standard requires more than mere negligence, and "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, Goode's allegations fall far short of alleging an Eighth Amendment violation. Even he recognizes that the nurse administered the medication by mistake. The nurse did not actually "draw the inference" that she administered the medication improperly. Goode alleges nothing more than ordinary lack of due care, and therefore the court will dismiss his complaint.

### III.

For the reasons stated above, the court will dismiss Goode's complaint pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim upon which relief may be granted. The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff.

**ENTER**: November 27, 2012.

UNITED STATES DISTRICT JUDGE

2

Case 7:12-cv-00532-SGW-RSB   Document 10   Filed 11/27/12   Page 2 of 2   Pageid#: 33